FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSIKA F., <br><br>                 Plaintiff, <br>-vs- <br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security <br><br>                 Defendant. | No.    4:22-CV-5127-WFN <br><br>ORDER |

      Jessika F. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits. ECF No. 1. Attorney Chad Hatfield represents Plaintiff. Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **AFFIRMS** the Commissioner's final decision.

## JURISDICTION

      Plaintiff applied for Supplemental Security Income on October 29, 2018, alleging disability beginning on July 19, 2018. Tr. 204–08. The application was denied initially, Tr. 51–57, and on reconsideration, Tr. 58–66. Administrative Law Judge [ALJ] Lori Freund held a hearing on June 3, 2021, Tr. 33–50, and issued an unfavorable decision on August 6, 2021, Tr. 16–24. The Appeals Council denied review on August 11, 2022. Tr. 1–6. The ALJ's August 2021 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 14, 2022. ECF No. 1.

ORDER - 1

# FACTS

Plaintiff was born in 1997 and was 20 years of age as of her alleged onset date. Tr. 23, 204. She has a high school education and minimal work history. Tr. 23, 41–44. Plaintiff alleges disability based on injuries to her leg caused by a motor vehicle collision. Tr. 296-97.

# STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

# SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a

ORDER - 2

claimant establishes that a physical or mental impairment prevents her from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 6, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 16–24.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: "right femur fracture, status post[-]surgery; right tibia fibula fracture, status post[-]surgery; left fibula fracture, status post[-]surgery; and[] morbid obesity." Tr. 19.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19–20.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found she can perform light work

> except lift/carry 20 pounds occasionally, 10 pounds frequently; stand and walk 2 hours in an 8 hour workday; sit 6 hours in an 8 hour workday; never climb ladders, ropes or scaffolds; never kneel, crouch or crawl; occasionally use foot controls, bilaterally; occasionally climb ramps and stairs with handrail; occasionally stoop; avoid all exposure to unprotected height, hazards, hazardous machinery, excessive vibration and the operative control of moving machinery (other than the automobile) and avoid moderate exposure to excessive heat.

ORDER - 3

Tr. 20.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 23.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 23–24. The ALJ specifically identified the representative occupations of agricultural sorter, small parts assembler, and electrical accessory assembler. Tr. 24.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the application date. *Id.*

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly evaluating the medical opinion evidence, (2) failing to conduct an adequate step three inquiry, (3) rejecting Plaintiff's subjective complaints, (4) rejecting lay witness testimony, and (5) failing to conduct an adequate step five inquiry. ECF No. 12 at 4–5.

## DISCUSSION

**(1) Medical Opinion Evidence**

Plaintiff alleges the ALJ erred by improperly evaluating the opinion of Jessica Luther, A.R.N.P. ECF No. 12 at 7–11.

The ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors, such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program. *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she

ORDER - 4

considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[s] or prior administrative medical finding[s], the more persuasive the medical opinions or prior administrative medical finding[s] will be.
>
> (2) *Consistency*. The more consistent a medical opinion[s] or prior administrative medical finding[s] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[s] or prior administrative medical finding[s] will be.

20 C.F.R. § 404.1520c(c).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787, 792 (9th Cir. 2022). "Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

Ms. Luther completed a form on August 27, 2020. Tr. 584–86. She opined, among other things, that Plaintiff would be limited to sedentary work, would need to elevate her legs for one to two hours a day, would be off task for up to thirty percent of the workweek, and would miss four or more days of work per month. *Id.* The ALJ found Ms. Luther's opinion was supported by evidence that Plaintiff had pain and swelling and needed to elevate her legs the first months after the injuries, but inconsistent with Plaintiff's improvement over

ORDER - 5

time. Tr. 22. The ALJ noted specifically that Plaintiff's swelling, pain, and need to elevate her legs had all decreased since her injuries and surgeries. *Id.* Because Ms. Luther's opinion was inconsistent with Plaintiff's improvement, the ALJ concluded it was only partially persuasive. *Id.*

Plaintiff argues the ALJ erred by "provid[ing] no citations, explanation, or timeframe for when or how [Plaintiff] supposedly improved." ECF No. 12 at 9. But the ALJ cited records from August 2020 showing Plaintiff's impairments had been improving. Tr. 22, 597–98. Plaintiff also argues there is evidence in the record that supports Ms. Luther's opinion. ECF No. 12 at 9–10. There is evidence that supports Ms. Luther's opinion. The ALJ found as much herself. Tr. 22. However, the ALJ also found that Ms. Luther's opinion was inconsistent with evidence of Plaintiff's improvement. *Id.* This was an appropriate reason for discounting Ms. Luther's opinion. *See* 20 C.F.R. § 404.1520c(c)(1). Because the ALJ's finding is supported by substantial evidence, the Court must uphold it even if there is also evidence that could support another conclusion. *See Morgan*, 169 F.3d at 599. Plaintiff argues too that the ALJ erred by giving more weight to the opinion of Robert Thompson, M.D., because Dr. Thompson did not review Plaintiff's subjective claims and "the ALJ must consider the claimant's subjective pain complaints." ECF No. 12 at 10–11. However, the ALJ did consider Plaintiff's subjective pain complaints and found they were not entirely consistent with the evidence in the record. Tr. 20–22. The ALJ was not required to give more weight to Ms. Luther's opinion than Dr. Thompson's.

**(2) Step Three**

Plaintiff argues "the ALJ erred [at step three] by failing to conduct any analysis in simply stating the elements of Listing 1.18 and concluding without explanation or citation that [Plaintiff] did not meet or equal the Listing criteria." ECF No. 12 at 12.

At step three the ALJ must determine whether the claimant's impairments meet or equal an impairment listed in 20 C.F.R. pt. 404, Subpt. P, app. 1. 20 C.F.R. § 416.925(d). If the claimant's impairments do meet or equal a listing, the claimant will be found disabled without further inquiry. 20 C.F.R. § 416.9250(a)(4)(iii); *Kennedy v. Colvin*, 738 F.3d 1172,

ORDER - 6

1176 (9th Cir. 2013). This is so because the listed impairments are a higher level of severity than the statutory standard. *See Kennedy*, 738 F.3d at 1176; *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). To show reversible error at step three, the claimant must show evidence that would support a finding tthe claimant met the requirements of the listing. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Here, the ALJ explained her reasoning plainly, "The medical record is void of evidence showing" the several requirements of Listing 1.18. Tr. 19–20. Listing 1.18 requires: chronic joint pain or stiffness; abnormal motion, instability, or immobility of the affected joint; anatomical abnormality of the affected joint noted on a physical examination or imaging; *and* medical documentation of the need for a walker, bilateral canes or crutches, a wheeled and seated mobility device that requires both hands; or the inability to use one upper extremity to independently initiate, sustain, and complete work-related activities; or the inability to use both upper extremities such that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.18. Plaintiff says that she "arguably meets or equals Listing 1.18" because she had ankle fractures and a knee surgery, temporarily needed a walker, and has a surgical scar. ECF No. 12 at 12–13. This is not enough to establish reversible error. *See Burch*, 400 F.3d at 683.

**(3) Plaintiff's Subjective Symptom Testimony**

Plaintiff contends the ALJ erred by rejecting her subjective symptom testimony. ECF No. 12 at 13–17.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting

ORDER - 7

the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff did not testify at the hearing. Tr. 33–50. She completed a function report. Tr. 240–47. In that report, Plaintiff wrote that she could not "stand for long periods," "drive [her]self to work," "lift items," or "walk far distances." Tr. 240. She also wrote that the need to attend physical therapy three days a week limited her ability to work. *Id.*

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 20–22. Specifically, the ALJ found Plaintiff's statements were not substantiated by the record and inconsistent with evidence that Plaintiff's condition had improved. *Id.*

Plaintiff argues the ALJ erred by discounting Plaintiff's subjective claims only because they were unsupported by objective evidence. ECF No. 12 at 14. However, the ALJ discounted Plaintiff's claims not only because they were unsupported by the record, but also because Plaintiff's symptoms improved. Tr. 20–22. These are legitimate reasons for rejecting Plaintiff's symptom claims. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). The ALJ's decision is supported by substantial evidence. Tr. 597–98. Plaintiff claims "the ALJ's evaluation mischaracterized the" evidence, ECF No. 12 at 15, but the Court disagrees. The ALJ's interpretation of the evidence must be affirmed because it is reasonable. *See Tackett*, 180 F.3d at 1097–98; *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

**(4) Lay Opinion**

Plaintiff's fiancé and mother both wrote letters in support of Plaintiff's claim. Tr. 293-4. Plaintiff argues "[t]he ALJ erred by failing to address these lay statements," ECF

ORDER - 8

No. 12 at 17, but the ALJ "consider[ed] the entire record," Tr. 18, and was not required to articulate her consideration of nonmedical sources, *see* 20 C.F.R. § 416.920c.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed April 18, 2023, **ECF No. 12**, is **DENIED**.

2. Defendant's Brief, filed May 17, 2023, **ECF No. 14**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

**DATED** this 28th day of September, 2023.

08-25-23

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 9